UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RHYNO ANTONIO, ET AL**  **CIVIL ACTION**

**VERSUS**  **NO. 19-860-SDD-SDJ**

**ACE AMERICAN**
**INSURANCE COMPANY, ET AL**

---

### ORDER

Before the Court is Plaintiffs' Motion for Relief (R. Doc. 58) and Defendants' related Motion to Quash and Objection (R. Doc. 48). At issue is whether to extend the Court's July 25, 2022 designation deadline so that Plaintiffs may first take the trial deposition of Dr. Andrea Trescot, in order to then properly designate her as a witness who will testify by deposition at trial. For the reasons given below, Plaintiffs' Motion for Relief (R. Doc. 58) is **DENIED** for lack of good cause shown and Defendants' Motion to Quash (R. Doc. 48) is **GRANTED**.

According to the record, Plaintiffs' treating physician is Dr. Andrea Trescot, who lives and practices medicine in Florida. (R. Doc. 58). Dr. Trescot has apparently offered her medical opinion regarding Plaintiffs' treatment and injuries (R. Doc. 58-1 at 2) and Defendants have countered that opinion with their own medical expert, Dr. Harrod. (R. Doc. 58-1 at 2).

On July 12, 2022, Plaintiffs sent an email to Defendants that noticed the trial deposition of Dr. Trescot for July 15, 2022. (R. Doc. 37-3). Apparently the deposition had to be done by July 15th because Dr. Trescot was having surgery on July 18, 2022. (R. Doc. 37-3). Defendants objected and moved to quash the trial deposition as it failed to

comply with the reasonable notice requirements of Rule 32(a)(5)(A). The Court granted the Motion to Quash on July 14, 2022, and in its Order reiterated not only Rule 32(a)(5)(A)'s reasonable notice requirements for depositions to be used at trial, but also the July 25, 2022 deadline for designating to all other parties witnesses who will appear by depositions at trial. (R. Doc. 38).

On July 26, 2022, the parties filed a Pretrial Order in which Plaintiffs indicated that Dr. Trescot's testimony at trial would be either "live or [by] video deposition." (R. Doc. 40 at 15). Indeed, the portion indicating that Dr. Trescot would appear "live" was consistent with Plaintiffs' July 12, 2022 Motion, which requested that Plaintiffs' treating physicians, all of whom are located in Florida, be allowed to provide live testimony through Zoom at trial. (R. Doc. 35). The Court granted that request. (R. Doc. 36).

However, Defendants represent that on July 29, 2022 Plaintiffs again noticed the trial deposition of Dr. Andrea Trescot, which they had unilaterally set for August 11, 2022—just 11 days before the August 22, 2022 trial. (R. Doc. 48-1 at 2). The untimely designation and unreasonable notice prompted Defendants to again file a Motion to Quash (R. Doc. 48) Dr. Trescot's trial deposition. Plaintiffs filed their own Motion for Relief (R. Doc. 58), claiming that good cause exists to both allow the untimely trial deposition of Dr. Trescot on August 11, 2022 (or a later date), because she will be in Africa during the week of trial, and to extend the designation deadline as to Dr. Trescot. (R. Doc. 58). Because both parties have had an opportunity to present briefing and be heard on these issues, the Court considers this matter to be fully briefed (R. Doc. 57) and resolves both Motions below.

### A. Good Cause Does Not Exist to Extend Deadline or Excuse Untimeliness

This Court's Pre-Trial Order Requirements, which were first made known to the parties on February 10, 2020 (R. Doc. 7 at 2), made clear that the parties' Pre-Trial Order must clearly "designate which of the witnesses, if any, will testify by **WRITTEN OR VIDEOTAPE DEPOSITIONS**." (Uniform Pretrial Notice at No. 8(d)). Beyond that, and perhaps most relevant here:

> Where written or video depositions are to be used, the parties shall designate for all other parties those portions of the deposition which are to be read or shown to the jury not later than twenty-eight (28) days prior to trial.

(Uniform Pretrial Notice at No. 8(d)). The trial is currently set for August 22, 2022. (R. Doc. 30). And so, Plaintiffs had until **July 25, 2022** to "designate for all other parties" their treating physician, Dr. Andrea Trescot, as a witness that would appear by written or video deposition and the parts of Dr. Trescot's deposition that Plaintiffs would present at trial.

The Court reiterated this July 25, 2022 deadline to the parties in its Order (R. Doc. 38) granting Defendants' earlier Motion to Quash (R. Doc. 37). In that same Order (R. Doc. 38), the Court referenced the "reasonable notice" requirements associated with depositions to be used at trial. *See* Fed. R. Civ. P. 32(a)(5)(A) ("A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order . . . that it not be taken or be taken at a different time or place--and this motion was still pending when the deposition was taken.").

Despite this, Plaintiffs failed to timely designate "to all other parties" Dr. Andrea Trescot, their treating physician, as a witness who would testify by deposition at trial, as well as the portions of her deposition that would be presented at trial. To be clear, the

Pre-Trial Order's designation requirement is two-fold. By July 25, 2022, Plaintiffs had to provide Defendants with both the identity of the witness, Dr. Trescot, as well as the portions of her deposition they intended to present at trial. Plaintiffs did not comply with this designation deadline.

When confronted with the untimely designation of a witness, a court generally considers the following factors to determine whether good cause exists to extend the pre-trial order deadline to allow the designation: (1) the explanation for the failure; (2) the importance of the untimely-designated testimony; (3) any potential prejudice; and (4) the availability of a continuance. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

In their Motion for Relief (R. Doc. 58), Plaintiffs argue that Dr. Trescot's testimony is crucial to the litigation and explain that she cannot appear at trial because the "doctor is scheduled to be in Africa that week. That is a long standing and unbreakable commitment." (R. Doc. 58-1 at 1). And therein lies the problem.

Plaintiffs have been treated by Dr. Trescot since this litigation's inception. As their treating physician, Plaintiffs have obviously known that Dr. Trescot's testimony would be important at trial. Plaintiffs have also known the current trial date (August 22, 2022) since November 2, 2021. (R. Doc. 30). And so, they have had plenty of time to secure their treating physician's testimony—whether live or by deposition—for trial.

The fact that Dr. Trescot's trip to Africa is a "long standing and unbreakable commitment" only highlights their lack of diligence in securing her testimony for trial. While the Court is unaware of exactly when they first learned of Dr. Trescot's travel plans, Plaintiffs themselves describe the trip as a "long standing . . . commitment." In other

words, Plaintiffs should have known this would be an issue. And had Plaintiffs acted diligently, they could have taken steps to notice Dr. Trescot's deposition within time to meet the Court's July 25, 2022 deadline and comply with the reasonable notice requirements of Rule 32(a)(5)(A). They failed to do either. What's more, they make no effort to explain this failure. None.

According to the record, the first attempt to notice Dr. Trescot's deposition was on July 12, 2022. So even if the Court assumed that Plaintiffs only learned she would be unavailable for trial on July 12, 2022—which the Court does not accept given the long-standing nature of Dr. Trescot's trip—Plaintiffs had almost 2 weeks to seek relief from the Court's July 25, 2022 deadline. They failed to do so until August 1, 2022, making their current Motion for Relief (R. Doc. 58) untimely. They again offer no explanation for this failure or even attempt to establish excusable neglect for not seeking an extension of the July 25, 2022 deadline before it expired. *See* Fed. R. Civ. P. 6(b)(1)(B) (court may consider untimely request for extension where "party failed to act because of excusable neglect"). Plaintiffs' silence is fatal.

What's more, Plaintiffs characterize Dr. Trescot's testimony as "paramount," and for that reason, suggest the Court must grant their requested relief. (R. Doc. 58 at 2). But Plaintiffs' reasoning is flawed—the claimed importance of Dr. Trescot's testimony only serves to highlight Plaintiffs' complete lack of diligence in securing her testimony for trial and meeting this Court's deadlines. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("The claimed importance of expert testimony underscores the need for Geiserman to have" complied with the scheduling order's expert deadlines.); *Dixon v. Greyhound Lines, Inc.*, 2014 WL 6474355, at *5 (M.D. La. Nov. 19, 2014) ("[I]t is clear

that Plaintiff's own lack of diligence resulted in his efforts to conduct this discovery at the last minute. Plaintiff has failed to act in accordance with Court-established deadlines, without explanation."); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 497 (S.D. Tex. 2009) (Defendant's position that discovery is necessary or important was undermined by his lack of diligence in failing to schedule the depositions or bring the issue before the court in a timely manner); *Robinson v. Babin*, 2013 WL 4499111, at *3 (M.D. La. Aug. 14, 2013) ("Plaintiff's suggestion that the deposition is needed for a proper and fair prosecution of his case, however, is undermined by his failure to take action within the timeframes provided.").

Plaintiffs go on to insist that "[d]enial of the [requested] relief results in unfairness" to them, paying no mind to the prejudice that would result if Defendants had to rearrange their schedules and halt their trial preparations to depose Dr. Trescot less than 3 weeks before trial. (R. Doc. 58-1 at 3). To be sure, "[a]ny prejudice caused by the Court's refusal to extend the [designation] deadline," or allow the trial deposition of Dr. Trescot, "is a product of Plaintiffs' own making." *Robinson v. Babin*, 2013 WL 4499111, at *3 (M.D. La. Aug. 14, 2013); see *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction."). And because the parties in the thick of trial preparations, this prejudice cannot be cured by a continuance of the trial date, which is less than 3 weeks away.

And so, Plaintiffs' Motion for Relief (R. Doc. 58) is **DENIED** as both untimely and lacking in good cause.

    **B.**    **Deposition Notice is Quashed**

Because the Court does not find good cause to extend the designation deadline, Defendants' Motion to Quash (R. Doc. 48) is **GRANTED** and the Notice to take Dr. Andrea Trescot's trial deposition on August 11, 2022 is **QUASHED**.

Signed in Baton Rouge, Louisiana, on August 4, 2022.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**